# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| HENRIQUE HANSON GIKO, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | No.: 4:16-CV-1783 |
| MARY SABOL, ET AL., | : | (Judge Brann) |
| Respondents. | : | |

| HENRIQUE HANSON GIKO, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-1422 |
| CRAIG LOWE, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### OCTOBER 16, 2017

I.  **BACKGROUND**

Henrique Hanson Giko filed the initially captioned *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Named as Respondents are Warden Mary

Sabol of the York County Prison, Attorney General Loretta Lynch, and ICE's Field Office Director Thomas Decker.

Petitioner, a native of Liberia, entered the United States on or about November 9, 2004 as a refugee. While in the United States, he was convicted of multiple crimes. His petition alleges that because he had been detained by ICE for over 180 days and there was no likelihood that he would be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings is unconstitutional.

Following service of the petition, the Petitioner was apparently transferred to a detention facility in the State of Louisiana and then failed to notify the Court of his change in address.

Giko later filed a second § 2241 petition with this Court.[1] It asserts that Petitioner is now detained by ICE at the Pike County Prison, Lords Valley, Pennsylvania and names Warden Lowe of that facility as Respondent.[2] The second petition is accompanied by an *in forma pauperis* application which will be granted. Service of the second petition has not been ordered.

---

[1] Giko's second petition erroneously indicates that his initial habeas corpus petition was dismissed by this Court.

[2] Since the only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, Warden Lowe will be deemed the sole Respondent in this matter. *See* 28 U.S.C. § 2242.

Petitioner's second action similarly contends that his ongoing detention by ICE constitutes a due process violation under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and related decisions. For the reasons outlined below, this Court will direct that the consolidated petitions be served on the Respondent.

## II. DISCUSSION

Federal district courts only have jurisdiction in ICE cases where a detainee is seeking immediate release on bond pending removal on the grounds that his continued detention is unconstitutional. *See Clarke v. Department of Homeland Security*, Civ. No. 4:09-cv-1382, 2009 WL 2475440 * 1 (M.D. Pa. Aug. 12, 2009)(Jones, J.).

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The allegations and facts set forth in each of the above described *pro se* habeas corpus petitions are similar. As noted above, the arguments set forth in the respective petitions identically challenge the legality of Giko's ongoing detention

by ICE. Both actions claim that the Petitioner's continued detention violates due process under the standards announced by the United States Supreme Court in *Zadvydas* and related decisions and as such fall within the limited jurisdiction afforded to the district courts in ICE cases.

Consequently, since the actions contain common factors of law and fact, I will order the consolidation of the two petitions pursuant to Rule 42(a) and proceed with the consolidated matter under Petitioner's initially filed action, Civil Action No. 4:16-CV-1783. In addition, the Respondent will be directed to file a supplemental response addressing the Petitioner's current status.

An appropriate Order follows.

BY THE COURT

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge