# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRIQUE HANSON GIKO, | : | |
| Petitioner, | : | |
| v. | : | No. 4:16-CV-1783 |
| WARDEN LOWE, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### NOVEMBER 2, 2017

## I. BACKGROUND

Henrique Hanson Giko initiated this *pro se* action seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Following service of the petition, Giko was transferred to a detention facility in the State of Louisiana and failed to notify the Court of his change in address.

By Memorandum Opinion and Order dated October 16, 2017, a second, similar habeas corpus petition filed by Giko, now detained by ICE at the Pike County Prison, Lords Valley, Pennsylvania, was consolidated into this action.[1]

---

[1] According to the second petition Giko erroneously believed that his initial habeas corpus petition had been dismissed by this Court.

-1-

The Respondent, Pike County Prison Warden Lowe, was directed to file a supplemental response.[2]

Giko, a native of Liberia, entered the United States on or about November 9, 2004 as a refugee. While in this country he was convicted of multiple crimes. As a consequence of those convictions, an immigration judge ordered Petitioner's removal from the United States on February 3, 2016. *See* Doc. 1, p. 13. On March 13, 2017, the Board of Immigration Appeals (BIA) remanded the matter to the immigration judge.

On July 7, 2017, an immigration judge denied Giko's application for deferral of removal. An appeal of that determination is presently pending before the BIA. As such, Petitioner is not yet subject to a final order of removal.

Giko alleges that because he had been detained by ICE for over twenty-three (23) months and there is no likelihood that he will be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings is improper under *Demore v. Kim,* 538 U.S. 510, 531 (2003), *Zadvydas v. Davis*, 533 U.S. 678 (2001), and related decisions.

Respondent's supplemental response to the petition concludes that "[b]ased upon the facts and the procedural posture of this case, if the court enters an order

---

[2] Since the only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, Warden Lowe will be deemed the sole Respondent in this matter. *See* 28 U.S.C. § 2242.

directing this matter to an immigration judge for a bond hearing, Respondent will coordinate with the immigration court to schedule a bond hearing as expeditiously as possible." Doc. 13, p. 1. For the reasons set forth below, I will grant the petition and order that an immigration judge conduct an individualized bond hearing within forty-five (45) days.

## II. DISCUSSION

Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment. Federal district courts only have jurisdiction in ICE cases where a detainee is seeking immediate release on bond pending removal on the grounds that his continued detention is unconstitutional. *See Clarke v. Department of Homeland Security*, Civ. No. 4:09-cv-1382, 2009 WL 2475440 * 1 (M.D. Pa. Aug. 12, 2009)(Jones, J.).

Title 8 U.S.C. § 1226(c) clearly provides that, prior to a final removal order, an alien may be detained without being afforded a bond hearing. However, this "mandatory detention" provision is not without limits. In *Demore*, the United States Supreme Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process." *Id*. at 531. The United States Court of Appeals for the Third Circuit has interpreted *Demore* and "conclude[d] that [§1226(c)] implicitly authorizes detention for a reasonable

amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011).

Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.* at 233. A determination as to whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." *Id.*; *see also Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. *Diop*, 656 F.3d at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal." As a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." *Id.* at 234.

In a subsequent decision, *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 477 (3d Cir. 2015), the Third Circuit characterized the fact-dependent inquiry described in *Diop* as a balancing test. It noted that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine whether, and when, a tipping point has been reached on the reasonableness of [the] detention." *Id*.

Courts should not find that delay caused by a detainee's challenges precludes a finding of unreasonable detention because such a finding essentially constitutes punishment for pursuing applicable legal remedies. *Id*. at 475 (citing *Leslie*, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic may preclude a finding of unreasonable detention.[3] *Chavez-Alvarez*, 783 F.3d at 476. In *Chavez-Alvarez*, the Third Circuit found that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id*. at 478.

---

[3] Bad faith exists when a petitioner challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments. *Id*.

Here, Respondent recognizes that based upon *Chavez-Alvarez*, Giko may be entitled to an individualized bond hearing based upon the duration of his ongoing prolonged ICE detention. This Court agrees and also notes that deference is owed to the decision-making agency to oversee matters within its jurisdiction. *See, e.g., Gourzong v. Lowe*, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.).

Since the Respondent does not oppose Petitioner's pending request to the extent that it seeks a bond hearing and because the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under *Chavez-Alvarez*, the Court orders that an immigration judge conduct an individualized bond hearing for the Petitioner within forty-five (45) days of the date of this Memorandum Opinion and Order.

## III. CONCLUSION

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge. Therefore, the Court will grant the instant petition for writ of habeas corpus, and order that Petitioner be provided an individualized bond hearing within forty-five (45) days of this decision.

An appropriate Order follows.

BY THE COURT

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge